IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| 7-ELEVEN, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO.  1:20-cv-1269 |
| v. | § | |
| | § | |
| | § | **JURY TRIAL DEMANDED** |
| 7 SEVEN STORE & GROCERY, LLC, | § | |
| and NEHEMIAS O. SALVADOR, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff 7-Eleven, Inc. ("7-Eleven" or "Plaintiff") files this Original Complaint against Defendants 7 Seven Store & Grocery, LLC and Nehemias O. Salvador (collectively, "Defendants"), alleging as follows based on knowledge, information, and belief:

## PARTIES

1. Plaintiff is a Texas corporation having its principal place of business at 3200 Hackberry Road, Irving, Texas 75063.

2. Defendant 7 Seven Store & Grocery, LLC is a Virginia limited liability company with a business address of 13309 Occoquan Rd, Woodbridge, VA, 22191.

3. On information and belief, defendant Nehemias O. Salvador is the principal of defendant 7 Seven Store & Grocery, LLC and personally participates in and directs the company's activities.

## NATURE OF ACTION AND JURISDICTION

4. This is an action for trademark infringement, dilution, unfair competition, and unjust enrichment under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.*

("Lanham Act"), and for trademark infringement, unfair competition, and unjust enrichment under the laws of the State of Virginia.

5. This Court has jurisdiction over this action under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and Title 28 of the United States Code, §§ 1331 and 1338, and supplemental jurisdiction over 7-Eleven's claims under state law pursuant to 28 U.S.C. § 1367(a).

6. On information and belief, Defendants regularly conduct business in Virginia and a substantial part of the events giving rise to the acts complained of herein occurred in this District. Therefore, venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## FACTS

### I. 7-Eleven's Trademarks

7. Since long before the acts of Defendants complained of herein, 7-Eleven has been engaged in the business of, among other things, offering convenience store services and products, either directly or through its licensees (collectively, "7-Eleven"), to the general public at various locations throughout the United States.

8. Since at least as early as 1946, 7-Eleven has continuously used the name and mark 7-ELEVEN in commerce in connection with a variety of products and services, including the sale and promotion of convenience and grocery store services and various other related products and services.

9. For many years 7-Eleven has frequently and continuously used the 7-ELEVEN name and mark in a stylized, multicolored logo format. A common display of the logo, shown below, features a red and orange numeral "7" followed by the green text "ELEVEN" (the "7-ELEVEN Logo"). The 7-ELEVEN Logo is typically displayed in a combination of orange, red, green, and white.

 

10. The 7-ELEVEN Logo is displayed, among other places, on signage for its convenience stores and gas stations.

11. There are currently over 8,500 convenience stores throughout the United States operated by 7-Eleven under 7-Eleven's 7-ELEVEN name and marks, many of which use the 7-ELEVEN Logo (7-Eleven's 7-ELEVEN name and mark and 7-ELEVEN Logo are referred to collectively as the "7-ELEVEN Marks").

12. 7-Eleven has annually sold billions of dollars of products and services in the U.S. in its 7-ELEVEN stores under its 7-ELEVEN Marks and has annually spent millions of dollars advertising and promoting those products and services under the 7-ELEVEN Marks. As a result, 7-Eleven has developed goodwill, public recognition, and strong rights in its 7-ELEVEN Marks, which consumers have come to know and trust as symbols of quality and value.

13. The 7-ELEVEN Marks are inherently distinctive, serving to identify and indicate the source of 7-Eleven's products and services to the consuming public, and to distinguish 7-Eleven's products and services from those of others.

14. Additionally and alternatively, as a result of 7-Eleven's frequent and widespread use and promotion of the 7-ELEVEN Marks, the marks have become distinctive to designate 7-

Eleven's goods and services, to distinguish 7-Eleven's goods and services from the goods and services of others, and to distinguish the source or origin of 7-Eleven's goods and services.

15. As a result of extensive and widespread use and promotion by 7-Eleven, the 7-ELEVEN Marks have become extremely well known and widely recognized by consumers in the State of Virginia and throughout the United States to indicate the source of 7-Eleven's goods and services.

16. As a result of 7-Eleven's extensive and widespread use and promotion of the 7-ELEVEN Marks, 7-Eleven has developed valuable goodwill in the 7-ELEVEN Marks.

17. The 7-ELEVEN Marks are famous.

18. 7-Eleven owns numerous federal trademark registrations for the 7-ELEVEN Marks, including but not limited to the following:

| MARK | REG. NO. | DATE | GOODS OR SERVICES |
|---|---|---|---|
| 7-ELEVEN | 896,654 | 08/11/1970 | Retail grocery store service |
| 7-ELEVEN | 1,702,010 | 07/21/1992 | Coffee for consumption on or off the premises |
| 7-ELEVEN | 2,685,684 | 02/11/2003 | Retail store services featuring gasoline and retail store services featuring convenience store items |
| 7-ELEVEN (logo) | 5,105,141 | 12/20/2016 | retail convenience stores |
| 7-ELEVEN | 5,479,059 | 05/29/2018 | restaurant services |
| 7eleven (logo) | 6,002,678 | 03/03/2020 | Retail convenience stores and restaurant services |

These registrations are valid and subsisting. Moreover, many are incontestable, making them conclusive evidence of the validity of those registered marks and of their registration, of 7-Eleven's ownership of those marks, and of 7-Eleven's exclusive right to use those marks in commerce under

15 U.S.C. § 1115(b). Copies of these registrations, and associated USPTO records showing current ownership, are attached as Exhibit A.

## II.     Defendants' Unlawful Activities

19.     On information and belief, Defendants own or operate a convenience store, located at 13309 Occoquan Rd Woodbridge, VA 2219 (the "Infringing Site").

20.     Defendants promote the products and services offered at the Infringing Site under the name and mark "7 SEVEN" (the "7 SEVEN Mark") along with the descriptive term "GROCERY STORE & DELI."  The 7 SEVEN Mark is presented in a format highly similar to that used by 7-Eleven with its 7-ELEVEN Logo, featuring a numeral "7" in red followed by the spelled out text "SEVEN," as shown immediately below (the "7 SEVEN Logo").  Similar to the 7-ELEVEN Logo, the 7 SEVEN Logo includes the colors red, green, and white.  The 7 SEVEN Mark and the 7 SEVEN Logo are collectively referred to as the "7 SEVEN Marks."



21. The 7 SEVEN Marks are prominently displayed at least on Defendants' signage (as shown above in paragraph 20) at the Infringing Site, which is approximately 400 ft down the street from the closest 7-Eleven location at 13304 Occoquan Rd, Woodbridge, VA 22191.

22. 7-Eleven has notified Defendants of its trademark rights and has attempted to resolve this dispute with Defendants prior to filing this lawsuit. Defendants have not responded and have continued using the 7 SEVEN Marks.

23. On information and belief, Defendants have set out on a deliberate course of conduct to deceive consumers into believing that the Infringing Site is connected, associated, or affiliated with 7-Eleven in order to trade on 7-Eleven's valuable goodwill. Defendants' efforts to deceive the public into believing that the Infringing Site is affiliated with 7-Eleven include Defendants' intentional use of the 7 SEVEN Marks in commerce at the Infringing Site, even though Defendants have no permission to do so and are not currently affiliated with 7-Eleven in any way.

24. Defendants' use of the 7 SEVEN Marks is without the permission or authority of 7-Eleven.

25. Defendants' unauthorized use of the 7 SEVEN Marks began after the 7-ELEVEN Marks became famous.

### III.   Effect of Defendants' Activities on 7-Eleven and the Consuming Public

26. Defendants' unauthorized use of the 7 SEVEN Marks is likely to cause confusion, to cause mistake, or to deceive customers and potential customers of the parties as to some affiliation, connection, or association of Defendants' business with 7-Eleven, or as to the origin, sponsorship, or approval of Defendants' goods and/or services.

27. Defendants' unauthorized use of the 7 SEVEN Marks falsely indicates to the purchasing public that Defendants, their business, and their goods or services originate with 7-Eleven, or are affiliated, connected, or associated with 7-Eleven, or are sponsored, endorsed, or approved by 7-Eleven, or are in some manner related to 7-Eleven or its goods or services.

28. Defendants' unauthorized use of the 7 SEVEN Marks falsely designates the origin of Defendants' goods and services, and falsely or misleadingly describes and represents facts with respect to Defendants and their goods and services.

29. Defendants' unauthorized use of the 7 SEVEN Marks is likely to cause dilution of 7-Eleven's famous 7-ELEVEN Marks.

30. Defendants' unauthorized use of the 7 SEVEN Marks enables Defendants to trade on and receive the benefit and goodwill built up at great labor and expense over many years by 7-Eleven, and to gain acceptance for Defendants' goods and services not solely on Defendants' own merits, but on the reputation and goodwill of 7-Eleven and its marks, trade dress, goods, and services.

31. Defendants' unauthorized use of the 7 SEVEN Marks removes from 7-Eleven the ability to control the nature and quality of goods and services provided under its marks, and places the valuable reputation and goodwill of 7-Eleven in the hands of Defendants, over whom 7-Eleven has no control.

32. Unless these unfair and deceptive practices and acts of unfair competition by Defendants are restrained by this Court, they will continue, and will continue to cause irreparable injury to 7-Eleven and to the public, for which there is no adequate remedy at law.

33. As a result of Defendants' unauthorized use of the 7 SEVEN Marks, Defendants are being unjustly enriched at the expense of 7-Eleven and the public.

**IV.     Willful Nature of Defendants' Wrongful Acts**

34.     On information and belief, Defendants' acts of infringement, dilution, and unfair competition complained of herein have been malicious, fraudulent, deliberate, willful, intentional, and in bad faith, with full knowledge and conscious disregard of 7-Eleven's rights.  In view of the egregious nature of Defendants' actions, this is an exceptional case within the meaning of Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

### COUNT I:  INFRINGEMENT OF REGISTERED MARKS

35.     7-Eleven repeats the above allegations as if fully set forth herein.

36.     The acts of Defendants complained of herein constitute infringement of 7-Eleven's federally registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

37.     7-Eleven has been damaged by Defendants' acts of federal trademark infringement.

38.     Defendants' infringement has been willful and in bad faith, making this an exceptional case under 15 U.S.C. § 1117.

### COUNT II:  VIOLATION OF LANHAM ACT SECTION 43(a)

39.     7-Eleven repeats the above allegations as if fully set forth herein.

40.     The acts of Defendants complained of herein constitute trademark infringement, false designation of origin, false or misleading descriptions or representations of fact, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41.     7-Eleven has been damaged by Defendants' acts of trademark infringement, false designation of origin, false or misleading descriptions or representations of fact, and unfair competition.

42. Defendants' acts of trademark infringement, false designation of origin, false or misleading descriptions or representations of fact, and unfair competition have been willful and in bad faith, making this an exceptional case under 15 U.S.C. § 1117.

### COUNT III:  FEDERAL TRADEMARK DILUTION

43. 7-Eleven repeats the above allegations as if fully set forth herein.

44. The acts of Defendants complained of herein constitute dilution by blurring of 7-Eleven's famous 7-ELEVEN Marks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

45. Defendants willfully intended to trade on the recognition of the famous 7-ELEVEN Marks, and to harm the reputation of the famous 7-ELEVEN Marks.

46. 7-Eleven has been damaged by Defendants' acts of federal trademark dilution.

### COUNT IV: TRADEMARK INFRINGEMENT UNDER
### VA. CODE § 59.1-92.12

47. 7-Eleven repeats the above allegations as if fully set forth herein.

48. The acts of Defendants complained of herein constitute trademark infringement in violation of Va. Code § 59.1-92.12.

### COUNT V: TRADEMARK INFRINGEMENT UNDER
### THE COMMON LAW OF VIRGINIA

49. 7-Eleven repeats the above allegations as if fully set forth herein.

50. The acts of Defendants complained of herein constitute trademark infringement in violation of the common law of Virginia.

### COUNT VI: UNFAIR COMPETITION UNDER
### THE COMMON LAW OF VIRGINIA

51. 7-Eleven repeats the above allegations as if fully set forth herein.

52. The acts of Defendants complained of herein constitute unfair competition in violation of the common law of Virginia.

## COUNT VII:  UNJUST ENRICHMENT

53. 7-Eleven repeats the above allegations as if fully set forth herein.

54. The acts of Defendants complained of herein constitute unjust enrichment of Defendants at 7-Eleven's expense.

55. 7-Eleven has been damaged by Defendants' acts of unjust enrichment.

## PRAYER

WHEREFORE, 7-Eleven prays that:

a) Defendants, Defendants' agents, servants, employees, attorneys, and all those persons in active concert or participation with them, be preliminarily and permanently enjoined from using the 7 SEVEN Marks, any element thereof, and any other name, mark, or trade dress confusingly similar thereto;

b) Defendants, Defendants' agents, servants, employees, attorneys, and all those persons in active concert or participation with them, be required to immediately and permanently remove the 7 SEVEN Marks from the Infringing Site and to otherwise eliminate all elements and instances of the 7 SEVEN Marks from the Infringing Site;

c) Defendants be ordered to file with this Court and to serve upon 7-Eleven, within 30 days after the entry and service on Defendants of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

  d)  7-Eleven recover all damages it has sustained as a result of Defendants' infringement, dilution, and unfair competition and that such damages be trebled;

  e)  An accounting be directed to determine Defendants' profits resulting from Defendants' wrongful activities, and that such profits be paid over to 7-Eleven, increased as the Court finds to be just under the circumstances of this case;

  f)  7-Eleven recover its reasonable and necessary attorneys' fees;

  g)  7-Eleven recover the costs of this action and prejudgment and post-judgment interest; and

  h)  7-Eleven recover such other relief as the Court may find appropriate.

## JURY DEMAND

Under Fed. R. Civ. P. 38(b), 7-Eleven demands a trial by jury on all issues triable of right by a jury.

Respectfully submitted,

Date: October 27, 2020

*s/ Tara M. Vold*
Tara M. Vold
PIRKEY BARBER PLLC
8251 Greensboro Drive, Suite 520
Tysons, Virginia 22102
Telephone: (571) 395-4630

**ATTORNEYS FOR 7-ELEVEN, INC.**